IN THE MATTER OF THE ESTATE OF NORA
GARDNER LUFKIN, DECEASED.

No. 2100.

SUBMITTED OCTOBER 5, 1933.        DECIDED OCTOBER 17, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

On August 15, 1931, Nora Gardner Reynolds, then a
resident of California, executed a holographic will leaving
all of her property to her husband, Cecil Edward Rey-
nolds. On February 26, 1932, the testatrix obtained an
absolute divorce from her husband and on May 22 of
the same year married Charles Dexter Lufkin. On June

19, 1932, Mrs. Lufkin, then a resident of the Territory of Hawaii, executed a second holographic will whereby she left all of her property to her second husband. On June 22, 1932, the testatrix died in the Territory of Hawaii. Subsequently the Hawaiian Trust Company, Limited, a Hawaiian corporation, filed a petition in the second circuit for the probate of the first will. Lufkin filed objections and presented a contest. The circuit judge admitted the first will to probate and from his decision and decree the objector appealed to this court.

Both parties are agreed that the execution of the first will was in all respects in compliance with the laws of California relating to the execution of wills. It is equally clear that the second will was not executed in compliance with the requirements of the statutes of Hawaii relating to the execution of wills because it was not attested by any witnesses subscribing their names to the will. Section 3319, R. L. 1925, expressly provides that "no will shall be valid, unless it be in writing and signed by the testator, * * * and attested by two or more competent witnesses subscribing their names to the will, in the presence of the testator." The insufficiency of the second will as measured by this requirement of our statute is likewise not in dispute.

Section 1 of Act 165, L. 1929, reads as follows: "Foreign executed wills. A. last will and testament, executed without this territory in the mode prescribed by law, either of the place where executed or of the testator's domicile, shall be deemed to be legally executed, notwithstanding the provisions of Sections 3319 to 3322, inclusive, of the Revised Laws of Hawaii 1925, and shall be of the same force and effect as if executed in the mode prescribed by the laws of this territory, provided, said last will and testament is in writing and subscribed by the testator."

The first will, which was executed in the State of California in the mode prescribed by the law of that State, must therefore "be deemed to be legally executed, notwithstanding the provisions of Sections 3319 to 3322, inclusive, of the Revised Laws of Hawaii 1925" and must be given "the same force and effect as if executed in the mode prescribed by the laws of this territory."

On behalf of the objector it is contended that by reason of other express provisions of the statutes of California the first will was not valid at the time of the death of the testatrix, first because under the laws of California the second will, executed in Hawaii and without witnesses, was valid and operated as a revocation of the first will, and second because the second marriage operated under the laws of California as a revocation of the first will. It may be assumed for the purposes of this opinion that the statutes of California have in these two respects the effects thus contended for. That, however, is immaterial. Act 165, L. 1929, does not provide that any will executed without the Territory shall be deemed valid in Hawaii if under the laws of the place of its execution it was valid at the time of the death of the testator but relates solely to the much narrower question of the manner of the execution of a given will. It simply provides that if a foreign will is executed in accordance with the laws of the place of its execution, it must in Hawaii be deemed to have been legally executed even though not executed in conformity with the express requirements of our own statutes. In this instance the first will must be deemed in Hawaii to have been legally executed; but whether it was a valid will at the time of the death of the testatrix or whether it must be deemed to have been revoked either expressly or by implication are questions which must be decided in the light of the statutes of Hawaii and not with reference to the statutes of California.

For the objector it is further contended that under section 3326, R. L. 1925, the first will must be deemed to have been revoked. That section reads as follows: "A will executed by an unmarried woman shall be deemed revoked on her subsequent marriage, and shall not be revived by the death of her husband." It is urged in connection with this contention that a woman who has been married and divorced is to all intents and purposes an unmarried woman. Conceding that to be so, the difficulty in this instance is that the testatrix at the time of the execution of the first will was a married woman. Her first husband at that time was living and no divorce had been granted. Section 3326, in its use of the word "unmarried," clearly relates to the time only when the will is executed when it says that "a will *executed* by an unmarried woman shall be deemed revoked by her subsequent marriage." The first will in question was executed by a married woman and the section does not apply. Similar statutory provisions have been similarly construed in New York and California. See *In re McLarney*, 153 N. Y. 416, and *In re Comassi*, 107 Cal. 1. The general rule in Hawaii is that a will duly executed in accordance with law becomes of effect at the death of the testator unless revoked directly or impliedly in one of the ways enumerated in that statute.

Another contention of the objector is that under section 3323 the first will must be deemed to have been revoked because of subsequent changes in the condition or circumstances of the testatrix. That section in its entirety reads as follows: "No will shall be revoked, unless by burning, tearing, canceling, or obliterating the same, with the intention of revoking it, by the testator or by some person in his presence, and by his direction, or by some other will in writing, executed as prescribed in this chapter; but nothing contained in this section shall

prevent the revocation implied by law, from subsequent changes in the condition or circumstances of the testator." That section is followed in the same chapter by section 3325, which provides that "if, after the making of a will, the testator shall marry and shall have a child born to him, and no provision shall be made in the will for such contingency, the marriage and birth shall operate as a revocation of the will;" and by section 3626 already quoted. It may be assumed, without so deciding and without intimations of any sort one way or the other, that the "subsequent changes" referred to in section 3323 may be changes other than the two mentioned in sections 3325 and 3326. Nevertheless the only change relied upon by the objector in the case at bar is the divorce and the subsequent marriage of the testatrix. No other changes in her family, conditions or circumstances are shown. The case of a divorce not followed by marriage does not exist in this instance and need not be considered. The divorce of the testatrix was followed by a second marriage and that particular "subsequent change" is dealt with specifically in section 3325, for the same provision which expressly says that a will executed by an *unmarried woman* shall be deemed revoked on her subsequent marriage likewise says, by necessary implication, that a will executed by a married woman is not to be deemed revoked on her subsequent marriage. In other words the case actually before us is that of a subsequent change which is expressly dealt with by section 3326 in a manner adverse to the present contentions of the objector. No other "subsequent change" in the condition or circumstances of the testatrix existing, the meaning of the last part of section 3323 need not be determined.

The second will, not having been validly executed under the laws of Hawaii, cannot operate as a revocation of the first will even though the two are entirely inconsistent

in their provisions.

The objector complains of the admission in evidence by the trial judge of separation agreements entered into by Mr. and Mrs. Reynolds and says that "neither the court below, nor this court, should consider the question of the violation of this contract or the provisions of this contract." No consideration has been given in this court to the terms or effect of that contract. The error, if any, in the admission of the evidence is harmless.

The decision and order appealed from are affirmed.

*Prosser, Anderson, Marx & Wrenn* for petitioner.

*A. E. Jenkins, Kemp & Stainback* and *Jean Vaughan* for the objector.